UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STEPHEN CHRISTIE,<br><br>                    Petitioner,<br>    v.<br>TIM GARRETT, *et al.*,<br><br>                    Respondents. | Case No. 3:22-cv-00484-ART-CLB<br><br>ORDER |

In compliance with the Court's prior order (ECF No. 3), Petitioner Stephen Christie has paid the filing fee for his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 4. So, the Clerk of Court will be ordered to docket the petition. Having screened the petition under Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254, the Court concludes that the petition contains factual allegations that demonstrate the possibility of constitutional error and, therefore, will direct the Clerk to serve it on respondents. For reasons discussed below, however, respondents will not be required to respond to the petition pending a determination whether Christie can show cause why the petition should not be dismissed as unexhausted and premature.

With his petition, Christie is challenging a judgment of conviction entered in the Second Judicial District Court (Washoe County) for Nevada adjudicating him guilty of two counts of robbery; burglary; leaving the scene of an accident involving personal injury; possession of a stolen motor vehicle; two counts of burglary while in possession of a deadly weapon; eluding a police officer; possession of a firearm with serial number changed, altered, removed, or

1

obliterated; possession of implements or tools commonly used for commission of burglary or larceny; and felon in possession of a firearm.[1] The Nevada Court of Appeals entered its order affirming the judgment on May 18, 2018. Christie reports in his petition that he filed a petition for post-conviction relief in the Second Judicial District Court on June 12, 2019. (ECF No. 1-1 at 1.) It appears that the petition was dismissed in August 2022, and Christie filed a timely appeal.[2] It also appears that the appeal is currently pending in the Nevada Supreme Court with Christie's initial brief not due until January 2023.[3]

This Court is not permitted to adjudicate a federal habeas petition containing unexhausted grounds for relief. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Rhines v. Weber*, 544 U.S. 269, 274–75 (2005). Two of the three grounds for relief in Christie's petition are based on allegations of ineffective assistance of counsel. In Nevada, such claims must be raised in a post-conviction habeas corpus petition and are not cognizable on direct appeal. *See Pellegrini v. State,* 34 P.3d 519, 534 (Nev. 2001). Thus, at least some of Christie's claims remain unexhausted.

In all likelihood, Christie has filed his federal petition out of concern about the time limitation imposed by 28 U.S.C. § 2244(d)(1)(A). Under that provision, a state prisoner must file a federal habeas petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." While it has been well over a year since Christie's conviction became final, "][t]he time during which a

---

[1] While only some of these crimes are listed on Christie's petition, the Court takes judicial notice of the order entered by the Nevada Court of Appeals affirming Christie's judgment of conviction on direct appeal. https://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=51573.

[2] https://www.washoecourts.com/Query/CaseInformation/CR16-0503.

[3] https://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=64764.

2

properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under [§ 2244(d)]." 28 U.S.C. § 2244(d)(2).

The period of "direct review" after which the state conviction becomes final under § 2244(d)(1)(A) includes the 90-day period to file a petition for a writ of certiorari in the United States Supreme Court, irrespective of whether the petitioner actually files such a petition. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir.1999); *see also Griffith v. Kentucky*, 479 U.S. 314, 321 n. 6 (1987) (holding that a conviction is final in the context of habeas review when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied)." Consequently, the one-year period for Christie to file his federal petition began 90 days after the Nevada Court of Appeal's affirmance of his judgment of conviction – i.e., August 16, 2018.

If a state post-conviction petition is not timely under state law it is not "properly filed" for the purposes of § 2244(d)(2) and, therefore will not toll the federal one-year filing period. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005). Also, "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court" and ask for a stay under *Rhines v. Weber*.[4] *Id.* at 216. But that does not appear to be a concern here. The Nevada Supreme Court issued its remittitur for Christie's direct appeal on June 14, 2018.[5] If Christie filed his state post-conviction petition on June 12, 2019, as he reports, it was "properly filed" under § 2244(d)(2). *See* Nev. Rev. Stat. § 34.726 (requiring a petition

---

[4] *Rhines v. Weber*, 544 U.S. 269 (2005), provides the standards under which a federal court may exercise its discretion to stay, rather than dismiss, an unexhausted habeas petition.

[5] https://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=43205.

3

challenging the validity of a judgment or sentence to be filed within one year of the issuance of the appellate court's remittitur).

Based on the foregoing, Christie has approximately 65 days of his one-year federal filing period remaining. In addition, the statute of limitations will not begin to run again until his current state post-conviction proceeding concludes when the Nevada appellate court issues its remittitur. *See Orpiada v. McDaniel*, 750 F.3d 1086, 1088 n. 1 (9th Cir. 2014). This Court is not inclined to have this case sit on its docket indefinitely if Christie is not in danger of missing his § 2244(d)(1) deadline. For one, he may obtain the relief he seeks in state court, which would make his federal petition moot.

On the other hand, Christie may have legitimate timeliness concerns that have not been presented to the Court. Thus, the Court will give Christie an opportunity to show cause why this case should not be dismissed as unexhausted and premature. Christie can accomplish this by demonstrating that, despite the information above, he has valid reasons to be concerned about being able to file a timely federal petition if this case is dismissed without prejudice.

It is therefore ordered that the Clerk is directed to **file** and **electronically serve** Christie's habeas petition (ECF No. 1-1) on the Respondents; and **add** Aaron D. Ford, Nevada Attorney General, as counsel for Respondents. Pending further orders, Respondents are not required to formally appear in this case or respond to the petition.

It is further ordered that the Clerk **provide** Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only.

It is further ordered that Christie shall have **30 days** from the date that this order is entered to show cause why his petition should not be dismissed without prejudice as unexhausted and premature. Failure to respond within the

4

time allowed or show good cause for an extension will result in dismissal without further notice.

It is further ordered that all assertions of fact made by Christie in response to this show cause order must be detailed, must be specific as to time and place, and must be supported by competent evidence. Christie should attach copies of all materials upon which he bases his argument that his petition should not be dismissed as unexhausted and premature.

DATED THIS 5th day of December, 2022.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE